UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JOHN HURLEY,

    Petitioner,

v.                                            CASE NO.:

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF
SOCIAL SECURITY

    Respondent,
_____/

**PETITION FOR WRIT OF MANDAMUS**

Comes now the Petitioner, John Hurley, a resident of Bonita Springs, Lee County, Florida, and petitions this court for extraordinary relief in the nature Writ of Mandamus directed to the Respondent, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, and her employees and agents, and says:

This action seeks to compel the Respondent to pay the Petitioner's attorney fees withheld, or should have been withheld from a claimant's past-due Social Security Disability Benefits and/or enter an order on Petitioner's petition for attorney fees. In support of this petition, Petitioner alleges as follows:

**COUNT I- JOSEPH LUCAS KLINE**

1. A claimant for Social Security Disability Benefits, Joseph Lucas Kline (SSN 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), retained John Hurley to represent him in a claim for Social Security Disability Insurance benefits.

2. Joseph Lucas Kline received a favorable decision from an Administrative Law Judge finding him disabled. Administrative Law Judge Eric Anschuetz authorized the charging and collection of a fee of $15,000 dated December 4, 2020

3. The Petitioner has made numerous attempts to contact the payment center of the Respondent, but has not received a response

4. Respondent Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, named solely in her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to fulfill her obligations based upon ALJ Anschuetz's authorization and to show cause why the relief prayed for in this action should not be granted.

## COUNT II- MELIDA MARTINEZ

1. A claimant for Social Security Disability Benefits, Melida Martinez (SSN 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), retained John Hurley to represent her in a claim for Social Security Disability Insurance benefits.

2. Following successful representation, a fee petition for the amount of $10,000 was filed on October 4, 2019. On October 21, 2019, Petitioner was paid a fee of $5,905.00. On October 30, 2019, Petitioner sent a letter to the Attorney Fee Branch, explaining that the previously submitted fee agreement was inapplicable and was superseded by the fee petition, inasmuch as the relevant time frame for compensation included two administrative hearings due to a remand from the United States District Court and should have been considered under a two-tier fee structure, rather than the Petitioner's performance at the one hearing generally contemplated in the fee agreement.

3. A letter was sent to the Attorney Fee Branch with a copy of the previously filed fee petition, and requested the remainder of the fee. On June 1, 2020, Petitioner received a letter from Regional Chief Judge Sheiler Lowther indicating that a fee petition must be filed. On June 1, 2020 a copy of the Order from Judge Lowther was sent to Administrative Law Judge Ryan Johannes along with a revised fee petition for the remaining attorney's fee in the amount of $4,095. On June 21, 2021 a status request and another copy of the fee petition was sent to Judge Johannes. To date, Petitioner has received no response nor any payment.

4. Respondent, Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, is named solely in her official capacity.

5. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

6. The Respondent has a clear duty to make a decision on Petitioner's fee petition.

7. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

8. The Petitioner herein posits that in this case, the Respondent's failure to make a decision on Petitioner's fee petition is an arbitrary refusal to act.

9. It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT III- KAY NICHOLS

1. Following successful representation of Ms. Nichols (SSN 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), a fee petition was filed on January 3, 2019.

2. On May 18, 2021, almost two and a half years later, Petitioner received an Authorization to charge and collect a fee in the amount of $3,668.68 from ALJ Ryan Johannes.

3. Petitioner then received a telephone call from Ms. Ashley Naylor, the claimant's daughter, who had received a copy of the Authorization.

4. Ms. Naylor informed Petitioner that Ms. Nichols had passed away on September 1, 2020, in the interim period between petitioning and Authorization. Ms. Naylor provided Petitioner with a copy of Ms. Nichols' Death Certificate.

5. Ms. Naylor informed Petitioner that she could not afford to pay the approved attorney fee.

6. The Petitioner notified the Respondent that he was unable to collect the balance of the fee from the claimant and requested that said balance be paid to him.

7. The Respondent mistakenly released fees, which should have been withheld for payment to the attorney, to the claimant. To date, the Respondent has failed or refused to follow its policy and pay the Petitioner

8. Respondent, Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, named solely in her official capacity.

9. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

10. The Respondent has a clear duty to respond to, and act upon, the information provided to her.

11. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

12. The Petitioner herein posits that in this case, the Respondent failed to approve the fee in a timely manner, and negligently released the monies which should have been held pending determination of attorney fees.

13. It is respectfully requested that this court issue an order directed to the Respondent to respond to Petitioner's letter and to show cause why the relief prayed for in that letter should not be granted.

## **COUNT IV- TYLER J. LAKE o/b/o YVONNE MARIE LAKE (deceased)**

1. Pursuant to the successful pursuit of benefits for the late Yvonne Marie Lake (SSN 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) with the duly substituted party Tyler J. Lake, a fee petition for the amount of 9,999.99 was submitted to the Attorney Fee Branch on August 6, 2020.

2. A follow up letter, with a copy of that fee petition, was mailed to the Attorney Fee Branch on June 21, 2021.

3. To date, there has been no correspondence or payment received.

4. Respondent, Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, named solely in her official capacity.

5. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

6. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, or explain why those fees were not paid.

7. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

8. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed is an arbitrary refusal to act.

9. It is respectfully requested that this court issue an order directed to the Respondent to fulfill her obligations and to show cause why the relief prayed for in this action should not be granted.

## **COUNT V- KARI MAY FRANKLIN**

1. Consequent to Attorney John Hurley's successful pursuit of Kari May Franklin's (SSN 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) claim for Social Security Disability Benefits, Petitioner received a Notice of Award dated August 31, 2019, stating that $6,000.00 has been withheld from Ms. Franklin's past due benefits to pay Mr. Hurley.

2. A "split" check in the amount of $2,952.50 was received by the Petitioner on September 9, 2019. No further check was ever received.

3. Numerous attempts have been made to contact the appropriate Payment Center, first by leaving voicemail messages which were never acknowledged and later, the Payment Center's telephone began to go straight to a busy signal.

4. Respondent, Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, named solely in her official capacity.

5. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

6. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

7. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

8. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

9. It is respectfully requested that this court issue an order directed to the Respondent to fulfill her obligations based upon the Notice of Award and to show cause why the relief prayed for in this action should not be granted.

## COUNT VI- KIMBERLY KAY MALONEY

1. Consequent to his successful representation of Kimberly Kay Maloney (SSN 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), Petitioner received an Authorization to Charge and Collect a Fee in the amount of $1,000.00 dated June 12, 2018.

2. Petitioner has attempted, unsuccessfully, to contact the Payment Center via telephone calls as well as by fax, dated January 16, 2020.

3. Petitioner has received no correspondence or telephone call regarding this matter.

4. Respondent, Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, named solely in her official capacity.

5. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

6. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner.

7. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

8. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed is an arbitrary refusal to act.

9. It is respectfully requested that this court issue an order directed to the Respondent to fulfill her obligations based upon the Authorization and to show cause why the relief prayed for in this action should not be granted.

### COUNT VII- CAROL ANN HUNT

1. Consequent to Attorney John Hurley's successful pursuit of Carol Ann Hunt's (SSN 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) claim for Social Security Disability Benefits, Petitioner received a Notice of Award dated March 1, 2021 stating that $2,034.00 has been withheld from Ms. Hunt's past due benefits to pay Mr. Hurley.

2. Payment has not been received.

3. Despite a FAX sent to the appropriate Payment Center on April 20, 2021, no further communication has been received.

4. Respondent, Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, named solely in her official capacity.

5. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

6. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

7. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

8. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

9. It is respectfully requested that this court issue an order directed to the Respondent to fulfill her obligations based upon the Notice of Award and to show cause why the relief prayed for in this action should not be granted.

### COUNT VIII- LINDA R. BAYES

1. Consequent to Attorney John Hurley's successful pursuit of Linda R. Bayes' (SSN 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) claim for Social Security Disability Benefits, Petitioner received a Notice of Award dated February 16, 2021, stating that $5,902.25 has been withheld from Ms. Bayes' past due benefits to pay Mr. Hurley.

2. Ms. Bayes received her back pay in February 2021.

3. Petitioner has received no payment.

4. Petitioner has unsuccessfully attempted to contact the appropriate Payment Center on multiple occasions, without success, including a FAX dated April 29, 2021, with no response

5. Respondent, Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, named solely in her official capacity.

6. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

7. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner.

8. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

9. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed is an arbitrary refusal to act.

10. It is respectfully requested that this court issue an order directed to the Respondent to fulfill her obligations based upon the Authorization and to show cause why the relief prayed for in this action should not be granted.

## COUNT IX- KELLY L. WEST

1. Consequent to Attorney John Hurley's successful pursuit of Kelly L. West's (SSN 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) claim for Social Security Disability Benefits, Petitioner received a Notice of Award dated May 26, 2020, stating that $6,000.00 has been withheld from Ms. West's past due benefits to pay Mr. Hurley.

2. A "split" check in the amount of $2,951.00 was received by the Petitioner. No further check was ever received.

3. Attempts have been made to contact the appropriate Payment Center, including a FAX dated April 29, 2021, to which Petitioner has received no response.

4. Respondent, Kilolo Kijakazi, is the Acting Commissioner of the Social Security Administration, named solely in her official capacity.

5. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

6. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

7. The Respondent's refusal to perform her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

8. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

9. It is respectfully requested that this court issue an order directed to the Respondent to fulfill her obligations based upon the Notice of Award and to show cause why the relief prayed for in this action should not be granted.

s/Martin J. Cohen
Martin J. Cohen
4925 Independence Parkway, Suite 195
Tampa, Florida 33634
(813) 221-1300
Florida Bar No.:0590185
martincohenlawyer@gmail.com
