UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN HURLEY,

      Plaintiff,

v.                                    Case No:  2:21-cv-881-JES-NPM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on the Commissioner's Motion to Dismiss Petitioner's Petition for Writ of Mandamus (Doc. #18) filed on June 2, 2022.  No response has been filed and the time to respond has expired.

**I.**

On November 24, 2021, attorney John Hurley filed a Petition for Writ of Mandamus (Doc. #1) against the Commissioner of Social Security seeking to compel payment of attorney fees that were withheld or should have been withheld from a claimant's past-due Social Security Disability Benefits.  Petitioner identifies nine clients.  (Doc. #1, p. 1.)  The Commissioner's systems show that the Agency issued all fees that were authorized and the Petition is moot.  (Doc. #18, p. 2.)  Attached to the Commissioner's motion to dismiss is the Declaration of Amanda Hrovat, a Social Insurance

Specialist with the Social Security Administration (Agency) (Doc. #18-1).

**1. Count I - Joseph Lucas Kline**

It is alleged that Mr. Kline retained petitioner to represent him and received a favorable decision finding Mr. Kline disabled. (Doc. #1, pp. 1-2.)   The ALJ authorized a fee of $15,000 on December 4, 2020.   Petitioner made attempts to contact the payment center without response.   (Id., p. 2.)   Petitioner seeks to compel payment of attorney fees.

The Commissioner responds that petitioner received a total of $14,896.00 ($15,000 minus a $104 user fee) as of January 13, 2022, as reflected in the Declaration in support.   (Doc. #18-1, ¶ 6.)

**2. Count II – Melida Martinez**

Petitioner alleges that Ms. Martinez retained petitioner to represent her, and after success, a fee petition for $10,000 was filed.   Petitioner was only paid $5,905.00.   (Doc. #1, pp. 2-3.) Petitioner sent a letter to the Attorney Fee Branch explaining that compensation was for two administrative hearings due to a remand from the United States District Court.   In response, petitioner was notified that he must submit a fee petition.   On June 1, 2020, petitioner sent a copy of the decision along with a revised petition seeking the remaining $4,095.   Petitioner has not yet received a response or payment.   (Id., p. 3.)

The Commissioner responds that the Agency systems show that Petitioner received a fee approval of $6,0000 ($5,905 minus a $95 user fee) in October 2019, and not the $10,000 stated.  On May 27, 2020, the Agency's Regional Chief issued an order revising the fee authorization and on October 4, 2020, the $4,095.00 was approved but not paid considering the previous payment.  (Doc. #18, p. 4.) The Declaration provides that the Regional Chief reversed the initial approval and subsequently approved the $4,095.  Petitioner had already received an amount greater than this approved amount and therefore the Agency determined that no additional fees are due.  (Doc. #18-1, ¶ 7.)

### 3. Count III – Kay Nichols

Ms. Nichols was represented by petitioner and a fee petition was filed on January 3, 2019.  On May 18, 2021, petitioner received authorization to charge and collect $3,668.68.   Claimant's daughter, Ms. Ashley Naylor, notified petitioner that she received a copy of the authorization however Ms. Nichols had passed away on September 1, 2020, and she herself could not afford to pay the fee.  Petitioner notified the Commissioner and sought the balance to be paid to him directly.  It is alleged that the fees were mistakenly not withheld for payment to the attorney and released to the claimant.  Petitioner has not heard from the respondent and has received no payment.  (Doc. #1, pp. 4-5.)

- 3 -

The Commissioner argues that petitioner received a total of $3,575.68 for his representation of Ms. Nichols.  (Doc. #18, p. 3.)  The Declaration provides that petitioner received a partial payment of $1,563 ($1656 minus a $93 user fee) of the fees.  As to the remainder, the South Florida Area Director's Office indicates that the remaining fees of $2,012.68 were paid as of January 13, 2022, and the check was endorsed as of January 24, 2022.  (Doc. #18-1, ¶ 8.)

**4. Count IV – Tyler J. Lake o/b/o Yvonne Marie Lake (Deceased)**

Petitioner represented Ms. Lake and filed a fee petition for $9,999.99 on August 6, 2020.  A follow up letter and a copy of the fee petition were sent on June 21, 2021.  As of the Petition, no correspondence or payment had been received.  (Doc. #1, p. 6.)

The Commissioner states that petitioner received a total of $9,893.99 ($10,085.99 minus $192 in user fees) as of January 14, 2022.  (Doc. #18, p. 3.)  The Declaration confirms this payment. (Doc. #18-1, ¶ 6.)

**5. Count V – Kari May Franklin**

Petitioner argues that he received a Notice of Award dated August 31, 2019, stating that $6,000 had been withheld from past due benefits for payment to counsel.  A 'split' check in the amount of $2,952.50 was received on September 9, 2019.  Numerous attempts have been made to obtain the remaining amount without success. (Doc. #1, p. 7.)

The Commissioner argues, doc. #18, p. 3, and the Declaration confirms that $5,924.25 ($6,000 minus $75.75 in user fees) for representation of Ms. Franklin was sent as of December 23, 2021. (Doc. #18-1, ¶ 6.)

### 6. Count VI – Kimberly Kay Maloney

After representing Ms. Maloney, petitioner received an Authorization to Charge and Collect a Fee in the amount of $1,000 dated June 12, 2018.  Petitioner attempted to contact the Payment Center on January 16, 2020, unsuccessfully, and has received no correspondence or call on the matter.  (Doc. #1, p. 8.)

The Commissioner argues that no fees are due for the representation of Ms. Maloney because Ms. Maloney discharged petitioner's services in 2017.  (Doc. #18, p. 2.)  The Declaration states that Ms. Maloney disputed entitlement to any representative fees because he was discharged on March 28, 2017, therefore no fees were due to petitioner.  (Doc. #18-1, ¶ 3.)

### 7. Count VII – Carol Ann Hunt

Petitioner received a Notice of Award dated March 1, 2021, stating that $2,034 had been withheld from Ms. Hunt's past due benefits to pay petitioner.  Petitioner has not been paid despite a fax sent to the Payment Center on April 20, 2021.  (Doc. #1, p. 9.)

The Commissioner states, doc. #8, p. 3, and the Declaration reflects a check for $1,936 ($2,034 minus $98 for a user fee) was paid as of July 7, 2021.  (Doc. #18-1, ¶ 6.)

### 8. Count VIII – Linda R. Bayes

Petitioner states that he received a Notice of Award dated February 16, 2021, stating that $5,902.25 had been withheld from Ms. Bayes' past due benefits to pay petitioner.  Ms. Bayes received her back pay in February 2021, and petitioner has not received any payment.   Petitioner  attempted  contact  on  multiple  occasions without success including a fax dated April 29, 2021.  (Doc. #1, p. 10.)

The Commissioner states that petitioner received $5,798.25 ($5,902.25 minus $104 in user fees) for his representation as of December 20, 2021.  (Doc. #18, p. 3.)  The Declaration confirms the payment.  (Doc. #18-1, ¶ 6.)

### 9. Count IX – Kelly L. West

Petitioner states that he received a Notice of Award dated May 26, 2020, stating that $6,000 was being withheld from past due benefits to pay petitioner.  A 'split' check in the amount of $2,951  was  received  but  no  further  check  was  ever  received. Petitioner has attempted contact with the Payment Center without response.  (Doc. #1, p. 11.)

The Commissioner argues, doc. #18, p. 3, and the Declaration confirms a check for $5,903 ($6,000 minus a $97 user fee) as of December 22, 2021.  (Doc. #18-1, ¶ 6.)

**II.**

The Commissioner asks that the Petition be dismissed as moot because the Agency has paid all fees due to petitioner for representation as set forth above, and because petitioner has failed to show that he is entitled to mandamus relief.  Petitioner has not filed a response opposing the Commissioner's position.

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217 (1980) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id.

Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  In this case, the Commissioner brings a factual attack challenging the Court's jurisdiction based on the Declaration noting that no fees are currently due to petitioner.

Petitioner asserts subject matter jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651, however this "Act does not create subject matter jurisdiction for courts where such jurisdiction would otherwise be lacking." Burr & Forman v. Blair, 470 F.3d 1019, 1027 (11th Cir. 2006) (citation omitted). Nonetheless, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (The Mandamus Act). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (citation omitted). Having established subject matter jurisdiction, the Court must consider if a current case or controversy exists in light of the Commissioner's position.

> The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969). As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Fla. Ass'n of Rehab. Facilities, Inc. v. Fla.

- 8 -

Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)). Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Al Najjar [v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001)]. In fact, "dismissal is required because mootness is jurisdictional." Id. (citing e.g., North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 404, 30 L. Ed. 2d 413 (1971) ("The question of mootness is ... one which a federal court must resolve before it assumes jurisdiction.")). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Florida Ass'n of Rehab. Facilities, 225 F.3d at 1217.

Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002). In this case, the Commissioner made some payments after the Petition was filed but all payments have been made and petitioner does not argue otherwise.  The case is due to be dismissed as moot as the Court can grant no further relief.

Accordingly, it is hereby

**ORDERED:**

The Commissioner's Motion to Dismiss Petitioner's Petition for Writ of Mandamus (Doc. #18) is **GRANTED,** and the Petition is **dismissed** as moot.  The Clerk shall enter judgment accordingly, terminate all deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of July, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record